<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

———————————

**No. 05-1824**

———————————

SOUTHERN HOLDINGS, INCORPORATED; JAMES SPENCER; RODNEY KEITH LAIL; IRENE SANTACROCE; RICKY STEPHENS; MARGUERITE STEPHENS; DORIS HOLT; NICHOLAS C. WILLIAMSON,

                        Plaintiffs - Appellees,

        versus

JAMES ALBERT ALLEN, JR., individually and in his official capacity as an officer with the Horry County Sheriff's Department; SIDNEY RICK THOMPSON, individually and in his official capacity as an officer with the Horry County Sheriff's Department; JEFFREY S. CALDWELL, individually and in his official capacity as an officer with the Horry County Sheriff's Department; CHARLES MCCLENDON, individually and in his official capacity as an officer with the Horry County Police Department; JAY BRANTLY, individually and in his official capacity as an officer with the Horry County Police Department; ANDY CHRISTENSEN, individually and in his official capacity as an officer with the Horry County Police Department,

                        Defendants - Appellants,

        and

HORRY COUNTY, South Carolina; HORRY COUNTY SHERIFF'S DEPARTMENT; HORRY COUNTY POLICE DEPARTMENT; MICHAEL STEVEN HARTNESS; HAROLD STEVEN HARTNESS; ANCIL B. GARVIN, III; DAVID SMITH; JOHN DOES,

                                          Defendants.

------------------

ERNEST H. MORTON, JR.; LINDA WILLIAMSON
LAWRENCE; NORTH CAROLINA DEPARTMENT OF
REVENUE,

                                          Movants.

                    _____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(CA-02-1859-4-RBH)

                    _____

Submitted: May 5, 2006              Decided:  May 24, 2006

                    _____

Before MICHAEL, KING, and SHEDD, Circuit Judges.

                    _____

Dismissed by unpublished per curiam opinion.

                    _____

Andrew F. Lindemann, DAVIDSON, MORRISON & LINDEMANN, P.A.,
Columbia, South Carolina; Robert E. Lee, James M. Saleeby, Jr.,
AIKEN, BRIDGES, NUNN, ELLIOTT & TYLER, P.A., Florence, South
Carolina, for Appellants.  Mark W. Hardee; James D. Cooper, Jr.,
COOPER, COFFAS, MOORE & GRAY, P.A., Columbia, South Carolina; John
R. Rakowsky, West Columbia, South Carolina; Ronald N. Serota, Las
Vegas, Nevada, for Appellees.

                    _____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Horry County Sheriff's Officers James Albert Allen, Jr., Sidney Rick Thompson, Jeffrey S. Caldwell, and Horry County Police Officers Charles McClendon, Jay Brantley, and Andy Christensen appeal the district court's orders denying, in part, their motion for summary judgment in Appellees' 42 U.S.C. § 1983 (2000) civil suit. On appeal, Appellants assert that they are entitled to qualified immunity. Appellees argue that this court lacks jurisdiction over this interlocutory appeal. We agree with the Appellees.

Interlocutory orders ordinarily are not appealable. An exception to this general rule is recognized with respect to orders rejecting a defendant's claim of qualified immunity, but only if the denial of qualified immunity rests on a purely legal determination that the facts alleged, if found to be true, demonstrate a violation of clearly established law. Johnson v. Jones, 515 U.S. 304, 316-17 (1995); Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). However, "to the extent that the appealing official seeks to argue the insufficiency of the evidence to raise a genuine issue of material fact--for example, that the evidence presented was insufficient to support a conclusion that the official engaged in the particular conduct alleged--we do not possess jurisdiction . . . to consider the claim." Winfield v. Bass, 106 F.3d 525, 529-30 (4th Cir. 1997). "[W]hile the purely

- 3 -

legal question of whether the constitutional right at issue was clearly established 'is always capable of decision at the summary judgment stage,' a genuine question of material fact regarding '[w]hether the conduct allegedly violative of the right actually occurred . . . must be reserved for trial.'" <u>Willingham v. Crooke</u>, 412 F.3d 553, 559 (4th Cir. 2005) (citing <u>Pritchett v. Alford</u>, 973 F.2d 307, 313 (4th Cir. 1992). Here, the district court determined that the constitutional right alleged to have been infringed was clearly established, but it determined that several genuine issues of material fact remained concerning whether the conduct alleged to violate that right had actually occurred.

We therefore dismiss this interlocutory appeal for lack of jurisdiction. We deny Appellees' motion for leave to file a sur-reply as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>